UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TYSHAWN PITTMAN,

                              Plaintiff,

  v.                                                             5:20-CV-422
                                                                      (GLS/ATB)

SGT./INV. STACEY BILLINGS, et al.,

                              Defendants.

TYSHAWN PITTMAN, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER

      On April 20, 2020, I issued an Order and Report-Recommendation ("ORR"), recommending that two of plaintiff's claims go forward, plaintiff's "Eleventh Amendment" claim be dismissed with prejudice, and the remaining claims be dismissed without prejudice to plaintiff filing a proposed amended complaint. (Dkt. No. 7). On May 21, 2020, the Honorable Senior United States District Court Judge Gary L. Sharpe adopted my ORR, allowing the First and Fourth Amendment claims to go forward, dismissing the "Eleventh Amendment" claim with prejudice, and dismissing the remaining claims without prejudice and with the opportunity to amend. (Dkt. No. 8). Service was deferred until plaintiff had the opportunity to amend his complaint. Plaintiff's time to amend expired on June 20, 2020. Plaintiff has failed to submit a proposed amended complaint for the court's review, thus, the court will order service of the original complaint, and will order a response by defendants only as to the claims which remain after Senior Judge Sharpe's order.

      The issue in this action involves the seizure of $213.30 from plaintiff's prison

account by "freezing" the account. The claims remaining in this action after Senior Judge Sharpe's order are the Fourth Amendment claim that the initial "seizure" of the account was "unreasonable," as distinguished from any Fourteenth Amendment Due Process claim, which has been dismissed.[1] (Dkt. No. 7 at 8-9). The second remaining claim is a First Amendment retaliation claim in which plaintiff alleges that the "defendants" froze his inmate account because he exercised his right not to speak with defendant Billings without contacting his attorney. (Dkt. No. 7 at 14-19).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's original complaint (Dkt. No. 1) is the operative pleading, read together with my ORR of April 30, 2020 (Dkt. No. 7) adopted by Senior Judge Sharpe on May 21, 2020 (Dkt. No. 8), and it is

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the complaint, and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and complaint to the Cortland County Attorney Karen Howe, County Office Building, Central Avenue, Suite 312, Cortland, NY 13045, together with a copy of this Decision and Order, my ORR, and Senior Judge Sharpe's Order. (Dkt. Nos. 7, 8), and it is

**ORDERED**, that a response only to the *remaining claims* in plaintiff's complaint as discussed above (Fourth and First Amendment claims) be filed by the named

---

[1] For additional details regarding plaintiff's remaining claims I refer to my ORR and Senior Judge Sharpe's adoption thereof. (Dkt. Nos. 7, 8).

defendants or their counsel as provided for in the Federal Rules of Civil Procedure; and it is

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before me, and it is

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

Dated: July 14, 2020

_Andrew T. Baxter_
Andrew T. Baxter
U.S. Magistrate Judge

3