**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TYSHAWN PITTMAN,**

                      **Plaintiff,**

                v.

**SGT./INV. STACEY BILLINGS
et al.,**

                      **Defendants.**
_____

**5:20-cv-422
(GLS/ATB)**

## SUMMARY ORDER

Plaintiff *pro se* Tyshawn Pittman commenced this action against defendants Sgt./Inv. Stacey Billings, Captain Nicholas Lynch, and Sgt. Tyler Burhans pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) On May 21, 2020, the court adopted Magistrate Judge Andrew T. Baxter's Order and Report Recommendation (R&R) partially dismissing Pittman's complaint. (Dkt. Nos. 7, 8.) Now pending is defendants' unopposed motion to dismiss Pittman's remaining claims: a First Amendment retaliation claim and a Fourth Amendment unreasonable seizure claim.[1] (Dkt. No. 15.) For the reasons that follow, defendants' motion is granted.

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled

---

[1] The court assumes the parties' familiarity with the underlying facts, which are stated in full in the April 30, 2020 R&R. (Dkt. No. 7 at 2-5.)

and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

"Where a properly filed motion [to dismiss] is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." *Albino v. City of Amsterdam Police*, No. 1:19-CV-1415, 2020 WL 7024388, at *2 (N.D.N.Y. Nov. 30, 2020) (citation omitted). "Under such circumstances, dismissal is appropriate where the movant's argument for dismissal is 'facially meritorious.'" *Id.* (citation omitted); *see also Herring v. Tabor*, No. 9:12-cv-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious'" (citation omitted)).

Pittman has failed to respond in opposition to defendants' motion to dismiss, and there is nothing in the record that demonstrates any inclination by Pittman to continue to prosecute this case. Thus, because

2

Pittman has failed to respond, and because defendants' motion is facially meritorious, defendants' motion to dismiss is granted, and Pittman's complaint is dismissed.  *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed.").

In any event, Pittman's claims fail on the merits for the reasons thoroughly explained in defendants' memorandum of law in support of their motion to dismiss, (Dkt. No. 15, Attach. 1 at 5-13), which need not be repeated here.  Indeed, defendants have offered several well-supported grounds for dismissal of Pittman's First and Fourth Amendment claims. (*Id.*)  Specifically, Pittman's First Amendment retaliation claim fails because, as he alleges in his own complaint, he was not charged with any crime, nor was he charged with violating a facility rule.  (Compl. at 7.)  To the extent he alleges that he was unable to access his account, such action was *de minimis* and does not give rise to an actionable First Amendment retaliation claim.  *See Zimmerman v. Racette*, No. 9:17-CV-375, 2020 WL 3038275, at *20 (N.D.N.Y. Jan. 24, 2020), *report and recommendation adopted* No. 9:17-CV-375, 2020 WL 1329138 (N.D.N.Y. Mar. 23, 2020) ("To constitute adverse action, the retaliatory conduct must be such that it

3

would deter a similarly situated individual of ordinary firmness f[ro]m exercising . . . constitutional rights.  Conduct that is *de minimis* does not provide this deterrent effect and does not give rise to actionable retaliation." (internal quotation marks and citations omitted)).

Pittman's Fourth Amendment unreasonable seizure claim also fails because his claim that his inmate account was "frozen" does not constitute a violation of the Fourth Amendment.  *See Hamilton v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 9:18-CV-1312, 2019 WL 2352981, at *14 (N.D.N.Y. June 4, 2019) ("Since the exigencies of prison life authorize officials indefinitely to dispossess inmates of their possessions without specific reason, any losses that occur while the property is in official custody are simply not redressable by Fourth Amendment litigation. . . . Plaintiff's claim that his 'membership dues' were unreasonably seized by Defendants does not give rise to a Fourth Amendment claim." (internal quotation marks and citations omitted)); *Jackson v. SCI-Camp Hill*, No. 1:11-CV-1135, 2012 WL 3990888, at *6 (M.D. Pa. Sept. 11, 2012), *aff'd sub nom. Jackson v. SCI Camp Hill*, 530 F. App'x 150 (3d Cir. 2013) ("[C]ourts have . . . refused to recognize an inmate's claim that the seizure of money from his inmate account violated

4

the Fourth Amendment." (citations omitted)); *Gardner v. Rogers State Prison*, No. CV608-016, 2009 WL 29572, at *5 (S.D. Ga. Jan. 5, 2009) ("Even accepting as true Plaintiff's allegation that $1 was taken from his inmate reserve account, he does not state a valid Fourth Amendment cause of action.").

Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Pittman's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 4, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

5